# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

24-1635

---

## UNITED STATES OF AMERICA,

Appellee,

v.

## SHAQUAN COFFER,

Appellant.

---

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE*
*NORTHERN DISTRICT OF IOWA*
*HONORABLE C.J. WILLIAMS, U.S. DISTRICT COURT CHIEF JUDGE*

---

## APPELLANT'S REPLY BRIEF

---

### Heather Quick
*FEDERAL PUBLIC DEFENDER'S OFFICE*
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................iii

ARGUMENT IN REPLY ..................................................................................1

    I.    The district court erred in imposing the two-level enhancement because Coffer did not recklessly create a substantial risk of death or serious bodily injury. The prosecution's position would impose the enhancement in every instance an individual discards a firearm while fleeing law enforcement. . ..................................1

CONCLUSION............................................................................................. 4

CERTIFICATE OF FILING AND SERVICE ................................................. 5

Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c) CERTIFICATION ..... 6

# TABLE OF AUTHORITIES

**Federal Cases:**

*United States v. Carter*, 817 F. App'x 132 (6th Cir. 2020) ............................ 2

*United States v. Kelley*, 40 F.4th 276 (5th Cir. 2022) .................................. 3

*United States v. Mukes*, 980 F.3d 526 (6th Cir. 2020) ............................. 2, 3

*United States v. Vega-Rivera*, 866 F.3d 14 (1st Cir. 2017) .......................... 3

# ARGUMENT IN REPLY

COMES NOW Appellant, Shaquan Coffer, and hereby respectfully submits this reply to the prosecution's argument.[1]

**I.    The district court erred in imposing the two-level enhancement because Coffer did not recklessly create a substantial risk of death or serious bodily injury.   The prosecution's position would impose the enhancement in every instance an individual discards a firearm while fleeing law enforcement.**

On appeal, the prosecution maintains that dropping a firearm incapable of accidental discharge creates a substantial risk of death or serious bodily injury.   The prosecution appears to rely solely on the only theory found by the district court—that the substantial risk was due to the possibility that a member of the public would find the firearm and hurt themselves with it.   To defend its position, the prosecution argues there was no evidence that Coffer discarded the firearm in "plain view" of the officers. This is not supported by the evidence.

The unobjected to portions of the presentence investigation report state that officers saw Coffer reach toward his waistband and then heard the firearm hit concrete.   PSR ¶ 5.   This Court should reject the prosecution's apparent position that "plain view" means officers always had sight on the

---

[1]   Coffer reasserts all arguments made in the opening brief.

firearm. Plain view is simply about officers generally observing the discard and knowing where the firearm is located so it could easily be retrieved and not accidentally found by a member of the public. *United States v. Mukes*, 980 F.3d 526, 539 (6th Cir. 2020) (noting the lack of risk of someone accidentally finding a firearm because it was dropped in plain view allowing officers to immediately retrieve it). That is what occurred in Coffer's case.

The prosecution cites multiple cases to support its position that the discard created a substantial risk of death or serious bodily injury, due to the potential for recovery by a member of the public. Gov't Br. 15-18. These cases are materially distinguishable from Coffer's circumstances. First, the prosecution cites *United States v. Carter*, 817 F. App'x 132 (6th Cir. 2020), an unpublished decision. In *Carter*, the Sixth Circuit upheld the enhancement when the defendant discarded a firearm in a residential neighborhood, along with cocaine and heroin.

However, the Sixth Circuit distinguished *Carter* in *Mukes*, a published decision, which, as discussed in his opening brief, is more like Coffer's circumstances. 980 F.3d at 539. *Mukes* noted the enhancement is appropriate when a firearm is discarded in a "residential neighborhood" and police must engage in a search to find it, as was the case in *Carter*. *Id.* (citing *Carter*). However, the Court reversed the application of the

enhancement in *Mukes* because the firearm was discarded in a "residential and commercial area" and there was "no evidence in the record about any potential risk that a bystander might have come across the weapon during the brief encounter between Mukes and the police, particularly in the late hour of arrest," and because no search was needed to search for the firearm because it was dropped in plain view. *Id.* *Mukes* is more on point here.

Next, the prosecution cites *Kelley*, 40 F.4th 276. In *Kelley*, the defendant fired the pistol during flight. 40 F.4th at 285. Further, as noted by the prosecution, important to the Fifth Circuit was that the firearm was *capable of discharging*. *Id.* at 285. Here, it is undisputed that Coffer's firearm was not. The facts in *Kelley* are therefore significantly more egregious than Coffer's.

Finally, the prosecution relies on *United States v. Vega-Rivera*, 866 F.3d 14, 20 (1st Cir. 2017). In *Vega-Rivera*, the First Circuit upheld the enhancement where the defendant led officers on a high-speed chase that ended with the defendant crashing into another vehicle, running on public roads and *then* throwing a gun in a parking lot. *Vega-Rivera* is unclear whether the court found a substantial risk based upon the car chase, foot chase, or gun. It is unclear whether the firearm was sufficient to meet this burden. Without more, the case is unhelpful in this analysis.

Overall, the prosecution maintains that the increase was proper in Coffer's case and that it is not seeking a bright-line rule. But it also pushes the idea that anytime one "reaches" for a firearm, meaning anytime a firearm is discarded, the enhancement is warranted. Gov't Br. 18. Further, under the prosecution's argument, it is unclear what set of facts involving the discard of a firearm would *not* justify this two-level enhancement. This Court should reject such a broad ruling and find the enhancement does not apply under the facts presented here.

## CONCLUSION

For the reasons stated above and in the opening brief, Coffer respectfully requests that this Court reverse and remand for resentencing under the correct Guideline range.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
P: (319) 363-9540 F: (319) 363-9542

## CERTIFICATE OF FILING AND SERVICE

I certify that on November 13, 2024, I electronically filed the foregoing reply brief with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system. The reply brief was scanned for viruses using Trend Micro Apex 14.0.11564. I also certify that after receipt of notice that the reply brief was filed, I will serve a paper copy of this reply brief on defendant-appellant by mailing him a copy at USP Florence – High, P.O. Box 7000, Florence, CO  81226. I further certify that after receipt of notice that the reply brief was filed, I will transmit 10 paper copies of the reply brief to the Clerk of Court via Federal Express and 1 paper copy to the appellee via regular mail as noted below.

Respectfully submitted,
*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
P: (319) 363-9540 F: (319) 363-9542

Copy to:
Timothy Vavricek, Assistant U.S. Attorney
U.S. Attorney's Office
111 Seventh Avenue SE, Box 1
Cedar Rapids, IA 52401

# Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c)

## CERTIFICATION

I certify that the foregoing reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). The brief uses a proportional space, 14-point Georgia font. Based on a line count under Microsoft Word Version 2408 Build 16.0.17928.20114, the brief contains 77 lines and 793 words, excluding the table of contents, table of authorities, and certificates of counsel.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, First Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542